**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

——————————

**No. 13-6726**

——————————

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

     v.

DARRYL LEON WIGGINS, a/k/a Go Go,

              Defendant - Appellant.

——————————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda Wright Allen, District Judge.  (4:11-cr-00055-AWA-DEM-4)

——————————

Submitted:  December 13, 2013     Decided:  December 18, 2013

——————————

Before NIEMEYER, KING, and THACKER, Circuit Judges.

——————————

Dismissed by unpublished per curiam opinion.

——————————

Darryl Leon Wiggins, Appellant Pro Se. Richard Daniel Cooke, Assistant United States Attorney, Richmond, Virginia; Laura Pellatiro Tayman, Assistant United States Attorney, Newport News, Virginia, for Appellee.

——————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Leon Wiggins seeks to appeal his conviction and 140-month sentence following his guilty plea to conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1) (2012). In a criminal case, a defendant must file his notice of appeal within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A)(i). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of the time to file a notice of appeal, up to thirty days. Fed. R. App. P. 4(b)(4); United States v. Reyes, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered the criminal judgment on December 6, 2011.[1] Wiggins filed his notice of appeal no earlier than April 25, 2013.[2] Because Wiggins failed to file a timely notice of appeal or obtain an extension of the appeal period, we

---

[1] Wiggins' notice of appeal states that he is seeking leave to appeal the judgment entered on September 19, 2011. Because this was the date of Wiggins' plea hearing, we construe Wiggins' notice of appeal as an attempt to challenge the criminal judgment entered against him.

[2] For purposes of this appeal, we assume that the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the district court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988).

2

dismiss the appeal.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED

---

[3] We note that the appeal period in a criminal case is not a jurisdictional provision but, rather, a claim-processing rule. Bowles v. Russell, 551 U.S. 205, 209-14 (2007); United States v. Urutyan, 564 F.3d 679, 685 (4th Cir. 2009).  Because Wiggins' appeal is inordinately late, and the issues he seeks to raise do not appear to be meritorious, we exercise our inherent power to dismiss it.  United States v. Mitchell, 518 F.3d 740, 744, 750 (10th Cir. 2008).